UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-684-H

PAT DUNAWAY PLAINTIFF

V.

KINDRED NURSING CENTERS
LIMITED PARTNERSHIP
 DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff has filed a complaint alleging violations of the Family and Medical Leave Act ("FMLA"). She specifically alleges that Defendant, Kindred Nursing Centers Limited Partnership ("Kindred"), terminated her for requesting FMLA leave for June 10 through 12, 2012. Kindred has now moved for summary judgment. For the reasons that follow, the Court will sustain this motion.

I.

The evidence establishes that, since 2008, Plaintiff was employed as a certified nurse assistant at Kindred's Northfield Transitional Care & Rehabilitation Center. Apparently, Plaintiff developed a medical condition and failed to report for work on June 10, 11, and 12, 2012. Under Kindred's rules, employees are terminated after three consecutive "no call, no show" absences. To obtain FMLA leave, Plaintiff was required to notify her supervisor. Plaintiff acknowledges knowing the requirements for notifying Kindred of a leave request. In fact, prior to the incidents now at issue, Plaintiff had sought and received two periods of FMLA leave. On June 13, 2012, after Plaintiff was absent for three days without notice, Plaintiff's

supervisor, Dottie Rice, terminated her. Plaintiff says that she or her husband attempted to call various persons between June 11 and 24, but never until June 24 requested leave from Ms. Rice.

Two issues seem to decide this case. First, whether Kindred is entitled to strictly enforce its three-day "no show, no call" termination rule. Second, whether Plaintiff's failure to notify Ms. Rice prior to her decision to terminate precludes a finding that she retaliated against Plaintiff for filing an FMLA claim.

## II.

Kindred has moved for summary judgment, which is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering this motion, the Court must construe all evidence in the light most favorable to Plaintiff, the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A court properly enters summary judgment where there is no evidence in support of the nonmovant's case upon which a "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## III.

Plaintiff's Complaint identifies two causes of action: (1) "Breach of FMLA" and (2) "Retaliation for Pursuing FMLA." The FMLA entitles qualified employees to take up to twelve weeks of unpaid leave each year if the employee has a serious health condition rendering her unable to perform her job. 29 U.S.C. § 2612(a)(1)(C)-(D) (2012). An FMLA claim can arise under two theories in the Sixth Circuit: "(1) the 'entitlement' or 'interference' theory arising from 29 U.S.C. § 2615(a)(1); and (2) the 'retaliation' or 'discrimination' theory arising from 29

U.S.C. § 2615(a)(2)." *Hoge v. Honda of Am. Mfg., Inc.*, 384 F.3d 238, 244 6th Cir. 2004). The Court construes Plaintiff's first cause of action as arising from the "interference" theory and will consider the claims in turn.

A.

Under the interference theory, it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided in [the FMLA]." 29 U.S.C. § 2615(a)(1) (2013). An employer violates this provision if it interferes with an FMLA-created right to medical leave or reinstatement after a qualified leave. *Arban v. West Publ'g Corp.*, 345 F.3d 390, 400—01 (6th Cir. 2003). To establish a prima facie case under the interference theory, Plaintiff must show (1) she is an eligible employee; (2) Defendant is an employer as defined in the Act; (3) she was entitled to leave under the FMLA; (4) she gave Defendant notice of her intention to take leave; and (5) Defendant denied her FMLA benefits to which he was entitled. *Donald v. Sybra, Inc.*, 667 F.3d 757, 761 (6th Cir. 2012).

Because Plaintiff failed to properly notify Kindred of her intention to take leave, she has not established a prima facie claim under the interference theory. Plaintiff acknowledges that she was aware of Kindred's requirement to call Ms. Rice to take FMLA leave. Though Plaintiff failed to show up at work from June 10-12, Plaintiff does not assert that she directly notified Ms. Rice at any time prior to June 24. Moreover, Ms. Rice denies any direct or indirect knowledge of a leave request prior to that date. Kindred had a system in place to allow for FMLA leave; Plaintiff failed to operate within this system, so she cannot claim Kindred interfered with her FMLA-created rights.

Plaintiff relies on *Cavin v. Honda of America Mfg., Inc.*, 348 F.3d 713 (6th Cir. 2003) to

circumvent this requirement and suggest that Kindred's call-in policy violates her FMLA rights. However, the FMLA regulations have since been rewritten. A more recent Sixth Circuit case based on the new regulations has said that "the applicable regulation under the FMLA expressly permits an employer to enforce its 'usual and customary notice and procedural requirements for requesting leave.'" *Strouder v. Dana Light Axle Mfg., LLC*, 725 F.3d 608, 609 (6th Cir. 2013) (quoting 28 C.F.R. § 825.302(d)). More specifically, the Circuit upheld a requirement that an employee contact a particular department to request leave. *Id.* at 615.

Here, the Court can find no cases suggesting that Kindred's three day "no show, no call" rule is unduly restrictive. The Court concludes that Kindred's FMLA notice and termination policy is facially reasonable and valid. Moreover, Plaintiff has suggested no unusual circumstances here which would require Kindred to make an exception to it.

B.

Finally, the evidence precludes a finding of retaliation. To establish a prima facie of retaliation, Plaintiff must show: (1) she engaged in a statutorily protected activity; (2) Kindred knew she was so acting; (3) she suffered an adverse employment action; and (4) the exercising of her FMLA rights was causally connected to the adverse employment action. *Seeger v. Cincinnati Bell Tel. Co., LLC*, 681 F.3d 274, 283 (6th Cir. 2012). "The burden of proof at the prima facie stage is minimal; all the plaintiff must do is put forth some credible evidence that enables the court to deduce that there is a causal connection between the retaliatory action and the protected activity." *Dixon v. Gonzales*, 481 F.3d 324, 333 (6th Cir. 2007).

Here, Plaintiff's retaliation claim fails because she cannot show that Kindred terminated her due to a request for or use of FMLA leave. Everyone seems to agree that Ms. Rice

4

terminated Plaintiff on or about June 13, after three days of failing to report for work. There is no evidence that Ms. Rice had received a request for FMLA leave directly from Plaintiff or that she had heard of such a request indirectly. Consequently, it is impossible for Plaintiff to show a causal connection between any request or attempt to exercise FMLA rights and her termination by Ms. Rice.

C.

Because Plaintiff has not established a *prima facie* claim under either FMLA theory of recovery, the Court need not discuss the burden shifting requirement of a legitimate business reason for the termination. However, it is clear that Defendant has articulated a legitimate reason for the termination in violation of its "no show no call rule." Plaintiff has produced no evidence suggesting that the application of the rule was a mere pretext.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is SUSTAINED and Plaintiff's complaint is DISMISSED WITH PREJUDICE.

This is a final order.

cc: Counsel of Record